Case number 21-5448 Scott Tomei v. Parkwest Medical Center et al. Oral argument not to exceed 15 minutes per side. Broderick, Young, Kennedy, and Howell, you may proceed. May it please the court, my name is Broderick Young, and I along with my colleague Devin Lyon represent Parkwest and Covenant Health in the matter before you today. The central issue, really the only issue... Counsel, do you want to save any time for rebuttal? I apologize. Yes, we would like to save five minutes for rebuttal. Okay. You may proceed. The only issue before the court today is whether or not Title 28, Section 1658 of the United States Code, the catch-all provision within it, whether or not that applies to the cause of action which has been brought by Mr. Tomei in this matter. In order for that to apply, it's a four-year statute of limitations. In order for it to apply, it has to be a civil action arising under an act of Congress enacted after the date of enactment of this section. This section was enacted December 1, 1990. So this comes down to whether it arises under, because we know the ACA was enacted after. That's right. That's right, Your Honor. The ACA was enacted in 2010. The Rehabilitation Act was enacted well before then. So we have the Jones Supreme Court case which defines arising. It says what matters is the new rights of action and corresponding liabilities created by the enactment. Thus, the cause of action arises under an act of Congress enacted after December 1, 1990. You've read the Second Circuit case, right? Vega Ruiz? Yes. Yes, Your Honor. And in the Second Circuit case, they talk about the duty being higher as a result of the ACA, correct? That's correct. Title II and Title III, they say the duty is higher. And since the duty is higher, this is a different, it arises under the ACA. Is that a fair, quick summary of that case? I think it is, Your Honor. Tell me why they're wrong. Well, there's a number of things. First, we have to look at the facts of this case. Whether or not this case, not necessarily Vega Ruiz, but whether or not this case could have been brought under the Rehabilitation Act. Why couldn't every case that's brought under the ACA be brought under the Rehabilitation Act as long as it's timely? Your Honor, actually, in our view, in many cases it could because of, you know, there's this primary consideration language which the Second Circuit went to the trouble of finding now. But then, go back to my question, but the duty, if the duty is different, it could be possible that Park West is liable under the ACA and not liable under the Rehabilitation Act. Thank you, Your Honor. I'd like to explain why we think the burden is the same under this case. Because under Title III, under the Rehab Act, Park West is under the obligation to consult with the patient, the profoundly deaf patient, and find a way, what means he would use that would allow him to achieve effective communication with the patient. So the hospital is under this obligation to consult with the patient and find what means can provide effective communication. It's already under that obligation. Now, under the primary consideration language, it says you have to give primary consideration to the means requested by the patient unless an equally effective measure can be provided. While that sounds different, the practical and substantive legal effect of that is the same. Because if it's true, if it's true… But you're having us analyze the merits to get to the answer. Whereas the sole question we ask, right, is whether it arises under… Are you trying to go to the made possible language of Jones and say this isn't made possible by the ACA because you can bring the same exact claim under the Rehabilitation Act? Am I thinking about that right? You can clarify if I'm thinking about it wrong. Well, I think… I think those are very, very, very similar. But the Jones separated them, right? Well, to me it's two slightly different arguments. Because in our view, the Vega-Ruiz, the practical application of Vega-Ruiz doesn't raise the obligation of the hospital. And because it does not create a new obligation or liability that the hospital didn't already have. Because, as we were saying before, if the complaint is true, that the only way effective communication could have been made through an interpreter, the hospital is already obligated to provide that. If it's the same duty, why didn't you just sue under the Rehabilitation Act? Well, Your Honor, I think that's… Or why didn't they? Well, they did sue under the Rehabilitation Act and under Title III. I'm sorry, yes, under Title III. Actually, they mentioned Title III in their complaint. And they also mentioned, to be fair, they also mentioned the regulation, which was found by Vega-Ruiz to create a new obligation. In our view, this case is a Rehab Act case. But the very same obligations are involved. Can I go back? Are you saying, just so I understand it, that Title III is the lesser duty, right? Am I wrong about that? We don't think it makes a lesser duty. Okay, the Second Circuit said it's a lesser duty. That's correct. Fair statement. So Title II says that you must honor the person's choice unless it can demonstrate that another equally effective means of communication is available. And that's the problem. Wait, am I correct? That's correct. Title III says you're encouraged to consult. Sounds like the Second Circuit got that right. One creates a higher duty than the other. But the problem is it still requires effective communication. And if the only… Okay, but wait. You're not answering my question. I'm sorry to interrupt you. But Title II creates a higher duty, correct? Your Honor, I guess we're going to have to… In language, yes, but in practical application, no. Okay, well, in the language, which is what courts analyze, it creates a higher duty. Yes. Is a practical effect what the hospital is obligated to provide? We don't think it does. Okay. Because we feel like we're still… Under Title III, we're still under this obligation to provide. Can I ask one other question? The ACA means you're obligated under Title II. The Rehabilitation Act means you're obligated under Title III. That's correct. Okay. Thank you. Go ahead, counsel. I'm sorry. And then under Doe, which the Court referred to a little earlier, we get into the made possible discussion. And in Doe, we have a plaintiff that tries to bring a disparate impact claim under the ADA. And what the courts say is this is not a buffet. You can't mix and match these various statutes and pick one mechanism from another to apply to a wholly different type of cause of action in another. Counsel, let me just clarify. I just want to make sure I understand the point you were making before. So the ACA, you agree the ACA does create new duties for defendants than what was existing under the Rehabilitation Act. But under the facts of this case, it doesn't matter. Is that your position? I agree with the latter, Your Honor. They have put Title II requirements on the hospital through this regulation, which is a sub-argument of ours that this regulation isn't really lawful because it, in effect, rewrites the statute, creates a new statute of limitations, which isn't really what we think Congress intended in this instance. As Congress enacted its own statute of limitations within the ACA regarding a wholly different issue, our view is if Congress intended this to create a new statute of limitations, it would have said so. Okay. So the first part of my question, though, you don't agree that there are additional duties or it's a higher standard for defendants under the ACA than it is under the Rehabilitation Act? We don't because the problem is it says primary consideration unless it can show an equally effective means is available, and then that kind of almost swallows the prior statement. So Congress basically enacted two different statutes, and you're saying effectively they mean the same thing. Two different statutes in time. One predates 1990, one post-dates 1990. Why can't you, as a plaintiff, pick the statute that was passed post-1990 to bring your cause of action given that there's another statute that says statutes enacted after 1990 in which your cause of action arises from are governed by the four-year statute of limitations? Why can't they just pick that? I mean, Congress gave them that ability. I think it has to arise from a right that's granted by that statute. Doesn't the right arise when the ACA was enacted? The right was already there is our point. I know, but you might have a right. We just had a case about conversion where you had a right to conversion under tort law and then the legislature passed a statute for conversion, and you presumably had a right to sue under either cause of action. Why isn't it the case here where you have two different statutes? You can sue under either statute. They pick the statute that post-dates the change in the statute of limitations. And to be clear, the conversion statute you just mentioned, that was a statute that was enacted by a legislative body. Here we're not talking about a statute that was enacted by a legislative body. We're talking about the ACA. That was enacted by Congress, but this regulation, which supposedly creates this new right, is just a regulation. It's put in by the executive branch. It's not an act of Congress. It's not been deliberated. It's not been analyzed. It's something that a regulator put in, which could just as easily be taken out by the next administration, which again goes to the ambiguity and uncertainty caused with all of these pre-1990 statutes. If all it takes is a strike of a pen of a regulator to create a whole new statute of limitations, then what certainty does a litigant have as to what his statute's going to be? Does he have to go back and review all of the regulations to see if there's something new in there? Does he have to go back and look and see if that regulation has been removed? If this regulation is removed by the next administration, does the statute go back to one year? That's the ambiguity and uncertainty in the Pandora's box that we really need to avoid because every pre-1990 statute will be under threat of a regulator's pen putting it in or taking it out. In Jones, when they talk about made possible, so ignore the regs for a second. In Jones, when they talk about made possible, the language made possible, does that mean by your lights that they had no cause of action before the law was enacted? Before the ACA? No. Well, yeah, before the ACA was enacted. They had no cause of action. So only when a law is enacted that creates a cause of action whole cloth is it made possible by it. I think it requires an act of Congress. But the ACA is an act of Congress. That's not answering my question. Assume the Rehabilitation Act doesn't exist. So the ACA makes this suit possible. You agree that satisfies it? Yes, Your Honor. What if something like the Rehabilitation Act does exist? Are you saying no later act of Congress can make the new cause of action possible? I think it can if it puts a true liability or obligation on the party affected, on the defendant. So your point is it has to add something? Yes. Your second point is it can't do it through the regulation? That's right, Your Honor. Anything else, counsel? Well, I have five minutes on rebuttal. I assume you want them. If that's okay. Yeah. Anything, Judge Box? Okay. Thank you, counsel. Good morning, Your Honors, and may it please the Court. Park West has no answer, let alone any discussion, of the unambiguous statutory text which says, except as otherwise provided by law, a civil action arising under the act of Congress, acted after December 1st, 1990, may not be commenced later than four years after the cause of action accrued. But in Jones, right, the Supreme Court expresses reservation about using the arising under language. You agree with that, right? And they seem, at least my reading, you should correct me if I'm wrong, they seem to focus on made possible. Right. Is that fair? And so how does this, without the regs, it seems to me, what the Second Circuit does is they say the regs are what tell us it makes it possible. Your friend on the other side has a fair point. Are we really going to have this yo-yo effect where if the regs get reneged, then we have, it's no longer a new cause of action. So set the regs aside and tell me why you still win. We still win because this is a distinct cause of action that was passed in 2010 after 1990. So explain that to me. Why is it any different than the Rehabilitation Act? What more does it do? Well, what it does more is that it says on the grounds prohibited by XYZ. So it allows an expansive interpretation as to whether it actually creates new rights here. It's more expansive than the Rehabilitation Act itself because it encompasses all these statutes. I'm sorry to interrupt you, but absent the Title II, Title III inquiry, couldn't you bring, set aside the statute of limitations, couldn't you bring the same exact action under the Rehabilitation Act that you could bring under the ACA? Yes, and we would say that that doesn't matter because this is its own distinct statute that was passed after 2010. But then why go through the whole analysis and Jones have made possible when you could just say the date, it would be much easier for all of us if what Congress said is all that matters is the enactment date. Right, and we believe that that's what Congress has stated in this matter. And what Jones was analyzing was an amendment to a statute, not a new statute that was distinct. And they actually overturned the Seventh Circuit in Jones in which they were going through these, well, is this a distinct statute that you could have brought separately from the other statute and therefore we're not going to allow you to have a cause of action under this amendment. And so the Supreme Court in Jones actually rejected the argument that Park West is making and reversed. And they don't want, and what they said is that they don't want judges to go through this intellectual work. Congress did a study on this and they wanted to stop this inconsistency and these overanalyzing as to whether. Was the Second Circuit wrong to analyze it the way they did? I mean, did they do too much by your lights? Well, I think the Second Circuit did two things. One, they said we win under the plain text of the statute. And then even if we have to go further beyond the plain text of the statute, we win because there are new rights created. And one thing that's really distinct here is that they can point to no case in which there is a new statute that was created after 1990. I didn't see where they said you win under. I agree with you that would be a much better decision. I didn't see where they say you win under the plain text. You're sure about that? It seems to me when they get to their reasoning, at least the way I read it, it was Title II, Title III. And so what language in that opinion says you win under the plain text? Do you remember? Well, if you look on page five and six of the Vega-Ruiz opinion. How do you get five and six? I'm sorry. I get, like, I have it starting at 61. I'm sorry. Is that a Westlaw pagination or what? This is direct. I have the decision directly from the Second Circuit. Oh, you have the slip. Okay, give me what the paragraph starts with you want me to look at. Okay. The Supreme Court has interpreted Section 1658's arising under language broadly. That one? Yes. Okay. Which sentence? In other words, a cause of action arising under the Act of Congress enacted after 1990 and therefore is governed by Section. But they're just quoting Jones there. Correct. And, again, we have to look at context here. Jones was an amendment to a prior statute. But they don't say it. You're just implying it from what they're saying. Right, because if Jones is analyzing amendments, of course they have to analyze the arising under and what that means. But when you're analyzing a new and distinct statute, all the courts have uniformly said that the four-year statute of limitations apply to any Act of Congress after December 1, 1990. So are you saying that just sort of on its face, the action is made possible by the ACA because that's what you're suing under? Correct. So could you, if for some strange reason Congress repealed the Rehab Act but left the ACA alone, then it would be clear that your action was made possible by the ACA. Correct. And so I think we only have to go through this arduous analyzing of arising under if we're dealing with an amendment of a pre-December 1, 1990 statute. So Jones is limited to amendments. Correct. And so that's when we have to go through this language. And so here, if we look at it, I think it's a straightforward case of statutory interpretation, and there's good reason why there is no case out there. Can I go back to statutory interpretation? Let's go to the Doe case. So you're familiar with that, obviously. You talk about it in your brief. So the Doe case talks about, as you recall, enforcement mechanisms, the enforcement mechanism language. And I think Doe says, maybe it's Glutton or another case, they say exhaustion requirements are an enforcement mechanism. Why aren't statute of limitations an enforcement mechanism? I mean, this is where you're going to have to help me. What do we say that distinguishes statute of limitations from exhaustion requirements? Sure. Enforcement mechanisms are just ways in which the action can be enforced. But exhaustion is a limitation on coming to court and enforcing just like a statute of limitations is. Sure. So let's take Jones, for example. The enforcement mechanisms were from a pre-1990 statute. And in Jones, they said there's a four-year statute of limitations for that amendment. And so enforcement mechanisms, in our view, don't matter, that they're relying on it. Congress does this all the time because they don't want to rewrite. There are so many statutes that incorporate Title VI in its enforcement mechanisms because Congress doesn't want to rewrite the statutes over and over and over again here. And so if we apply Jones, there's no dispute that that is a pre-1990 enforcement mechanism, yet Jones found that there's a cause of action for this amendment to a pre-1990 statute. So Doe, it seems to me, says enforcement mechanism equals the means by which you compel compliance, right? And the means by which you compel compliance here is the Rehabilitation Act. Right. Okay, walk me through why I'm making a mistake in my thinking. So if Congress expressly stated a statute of limitations in ACA and it incorporated the Rehabilitation Act, would we have then a conflict of, well, Rehab Act enforcement statute of limitations is this, but Congress said this, so we're— No, because that would just be superseding, right? Then they would be amending the Rehabilitation Act for all effective purposes. And that's why we say that this enactment of Congress effectively overrules the previous statute of limitations because— So can I put it in simple English for myself because I'm not as smart as you, but what you're effectively saying is by saying you can enforce it, the Rehabilitation Act, even though everything else is the same, by doing it in the ACA, you're effectively just simply changing the statute of limitations. That's what you're really doing. We would say that that's what Congress did. That's what I mean. Yeah, I'm sorry. In enacting this catch-all statute of limitations, they basically, just as in your example, overruled the Rehabilitation Act statute of limitations. Why don't you talk to us about this Pennsylvania District Court case? Because they said limitations. Your friend on the other side makes a lot of that. You point out in your brief that maybe that's too much to make of it, but why don't you explain it to us, the SEPTA case? Sure. The limitations language, as we point out in our brief, SEPTA kind of tries to say that it incorporates all of the limitations of the Rehabilitation Act, but if you look at the actual statutory language, there's no such mention of the limitations of. And so we would say that that is just a district court judge who said that it incorporates it without referring to any sort of statutory authority. So it really shouldn't be given any weight, given the Supreme Court case in Jones, Vega-Ruiz, and the plain and clear statutory language here. I have one other question. Do you have any? Let me ask one thing, really more to your colleague, but I'll start with you. We sort of talked about this as you start with the Rehab Act, and you kind of look forward and say the ACA, what kind of changes. But isn't it equally or better to think about it in terms of the poor lawyer who has a case and says, hey, I read the ACA. This looks pretty good to me. I've got a four-year statute. And then the poor lawyer has to go back up the chain and figure out whether his good claim now would have been a good claim under the Rehab One-Year Act, and maybe there's some other act that has a two-year statute, and he can't just rely on the four-year to start with. Is that a different way to think about it? Well, you know, various statutes have various statutes of limitations. It's common where for... Counsel, I think he's trying to help you here. Yeah. Just a clue. Yeah. So, yeah, I mean, I agree with that analysis. We don't want to continue to do all of this guesswork. This is what Congress expressly said that they didn't want these courts to be doing here. And if we go down this route where we're saying even in post-December 1, 1990, statutes where there's no express statute of limitations, we have to go through all this analytical framework, that would essentially overrule what Congress wanted by doing this, and will give a lot of more extra work to find judges like yourself to have to analyze what arises under new creating rights language. And this is just what Congress didn't want us to do. So they wanted to make it simple and clean and put everyone on notice. And if this court follows the Second Circuit, and I'm sure the other circuits will follow suit, then everyone will be on notice that this is a four-year statute of limitations. If it's enacted after December 1, 1990. So your best statutory interpretation argument is, look, 1658, I think that's the section, makes it crystal clear that if you enact a new cause of action, even if it existed predated 1990, if you reenact it or refer back, you are now encompassing the four-year because it now arises under the new law. Correct. Anything else? Judge Box? I'm sorry? I thought you had something. No, no, no. I'm good. All right. Well, I'll give the balance of my time. Thank you so much. Thank you, counsel. Counsel, explain to me why your friend is wrong that amendment in Jones is different than what we're dealing with here. And why not go, the simplicity of his argument is appealing to courts and lawyers alike for the reason Judge Box gave. You bring the cause of action under a law that was created after 1990, four-year supplies. Stop this game of figuring out state court statutes and all this stuff. Well, Your Honor, that may have been the goal of the game, but that's not how it's played out. Where hasn't it played out that way? Well, I think in this Doe case and I think in the Vega-Ruiz case are two primary examples. The analysis is still going on to see whether or not there is a new obligation or a new right. And even under Jones, that language is there as a new right or a new obligation being conferred. And so the idea that this only applies to amendments is empty because, in practice, everyone has looked at whether or not a new right or a new obligation has been conferred. If the state statute here had been six years, would you be here arguing that the and they brought it after five, would you be arguing that this was a new enactment and therefore it's a four-year limit? Well. I mean, wouldn't that be an equally available argument as the argument you're making now? I'm not raising hypocrisy. I'm just saying, doesn't it create the same kinds of controversy? I don't think so, Your Honor, because we have. If Congress had intended to have a different statute of limitations, and in certain parts of the ACA it does stipulate what a statute of limitations is for an act, but if it intended for these four acts, these four acts that are adopted by 1557, if it intended for those four acts to have a separate and distinct statute of limitations, it very well could have with the stroke of a pen. It very well could have what? By putting it in the statute. Oh, they could have done that, yeah, but am I right that the structure of the argument would be that the plaintiff would be saying we get six years because we're suing under the ACA, but it incorporates the Rehab Act where the state of Wyoming gives us a six-year? Your Honor, I'm not quite sure. If the statute says it adopts, and here in Doe, we go back, and Doe says that we can't go beyond the language of the acts which have been adopted. Again, in Doe, the plaintiff tried to bring this disparate impact claim, but that's not part of the underlying act in which the plaintiff was proceeding under the ADA, the Disabilities Act. Here, what Doe is saying, Doe is a case of restriction. It's not one of expansion. It says if you bring a claim under one of these acts borrowed by 1557, you're under the obligations and terms and standards of that act, whichever one you pull out. And necessarily, if you're going to pull out that act, you're going to be bound by its statute of limitations. Why should that be excluded? But the statute of limitations doesn't come from, like, the exhaustion requirement and things like that came from the act itself, right? As we point out in Doe, from the Age Discrimination Act, for example. The statute of limitations doesn't, they didn't incorporate that. How do they incorporate that into the ACA? Because it's part of the jurisprudence of that statute  So it's not Congress, it's how it's been interpreted is your argument. And where has that interpretation occurred? Well, Congress has said we're adopting these four statutes as part of the enforcement mechanisms. Right, as part of the ACA. That's correct. Instead of putting them forth, had they taken the language and just copied and pasted it into the statute, would that have changed things? If it was identical under Jones, no. Okay. So your point is, is that no matter what they do, they can't create a new cause of action unless they add something to it. That's correct, Your Honor. Okay. Anything else? I'm just having trouble. It seems to me Congress could enact the same statute again. Why are you saying they can't? Why can't Congress enact the same statute again? Right, on a later date. Well, I think they can. And have a cause of action arise under the later statute, as just as it had arisen under the earlier statute. That's what's hanging me up here because it seems like that's all they did. If Congress goes on their WordPerfect document and they hit cut and paste and they just dump it. Sure. Why can't they do that? Because under Jones it doesn't create a new right or an obligation, therefore. What if they want to do it just to get the four-year statute of limitations versus the mess we have pre-1990? Well, in that instance, if they're very concerned about the statute of limitations, they can put it in the statute. But do they have to if they've got it somewhere else? Is there any obligation that Congress has to put it there? I know they put it in other sections, but maybe they thought, hey, we're going to say four years just like we don't want to cut and paste the Rehabilitation Act in. There's no reason to cut and paste 1658 in. 1658 applies. You could add a one line, a one section to say it's four years. I wish Congress did a lot of things like that. Our job would be a lot easier. But it says an act of Congress. And Jones says it has to have a new obligation, a new right for it to rise under. So that's what we're left with. Okay. Anything else? Thank you very much, counsel. Thank you both for your very thoughtful arguments. It's much appreciated. And the case will be submitted. I think we have nothing else in court today. So you can adjourn court. All the other cases, I believe, are submitted on the briefs. Thank you very much, Robin.